## J. A. WILKINSON v. L. H. WILLIAMS.

Plaintiff sued defendant for the value of twenty plows which he had deposited with defendant for sale, before the war. The defendant alleged and proved that the plows were forcibly taken from him by a Confederate States receiver, whose power he was unable to resist. *Held*, that the relation of bailor and bailee, or else that of principal and agent, existed between the parties; that the defendant was only bound to use ordinary diligence, and could not be liable when the property was taken by a *vis major;* and therefore the defense was a good one.

APPEAL from Lamar. Tried below before the Hon. A. H. Latimer.

The opinion of the court clearly indicates all the material facts. The court below was requested by the appellant to instruct the jury that "if the plows were lost by any act of the Confederacy (so-called), the loss must fall upon the defendant;" but this instruction was refused.

*W. H. Johnson*, for the appellant.

*Dohoney & Hale*, and *Bowers & Walker*, for the appellee.

WALKER, J.—It appears from the record, that prior to the late war the appellant had deposited with the appellee twenty plows, to be sold on commission. The evidence shows the plows to have been of the value of fourteen dollars each; and suit is brought to recover the value of the plows. The defendant set up in bar of the action, that the plows were never sold, but that after the civil war broke out, one Henry Moore, acting as the agent or deputy of T. A. Patillo, Confederate States receiver, forcibly, and against his will, took the plows, sold them, and turned over the proceeds to the Confederate States treasurer. The answer was excepted to, and the court overruled the exception, charging the jury on the trial that if they believed the defendant was the agent of the plaintiff in the sale of the plows, and that the same were taken out of his possession by the so-called Confederate government, its agents or officers, without his consent, they would find their verdict for the defendant.

The verdict of the jury was for the defendant, showing that the defendant did not willingly surrender the plows, and further, that it was not within the power of individuals to resist the then dominant power, to-wit, the military power of the then Confederate States within the State of Texas.

We think the charge of the court was substantially correct.

The relation of the parties was that of bailor and bailee, if not of principal and agent.

Viewing the transaction in the light of a bailment, the bailee was only bound to ordinary diligence, and could not be held responsible if the property were taken away from him by a *vis major*.

And the maxim undoubtedly applies, *res perit domino*.

The cases of Luter v. Hunter, 30 Texas, and Ransom v. Alexander, 31 Texas, have no application to this case.

We do not think the verdict of the jury ought to be disturbed ; the judgment is therefore affirmed.

AFFIRMED.